**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **DANIELA HAILIT BRICENO FLAMEZ #A231-991-250** | **CASE NO. 3:26-CV-03549 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE HORNSBY** |

# MEMORANDUM ORDER

Before the court are an Emergency Motion for Immediate Release, Motion to Expedite, and Notice of Material Intervening Development filed by Daniela Hailit Briceno Flamez, who is in ICE custody at Richwood Correctional Center. Through the motions the petitioner requests immediate release based on allegations that an immigration judge has dismissed the charge of removal against her and that the government's deadline for curing or replacing its defective charge has lapsed. Doc. 2.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Through review of the petitioner's case on the Executive Office for Immigration Review's Automated Case Information, the court has confirmed that an immigration judge terminated proceedings against petitioner on September 20, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (file accessed by A-number on September 25, 2026). That page also shows, however, that the appeal deadline is set for October 21, 2026. Accordingly, petitioner has not shown a final termination of the proceedings against her. The Motions [doc. 2] are **DENIED**, without prejudice to petitioner's right to reurge them upon lapse of the appeal deadline or conclusion of any appeal before the BIA.

**THUS DONE AND SIGNED** in Chambers on the 25th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**