**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **DANIELA HAILIT BRICENO FLAMEZ #A231-991-250** | **CASE NO. 3:26-CV-03549 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the court are a Renewed Emergency Motion for Immediate Release, Motion for Leave to Supplement Petition, and Motion to Expedite [doc. 6] filed by Daniela Hailit Briceno Flamez, who is in ICE custody at Richwood Correctional Center. As petitioner acknowledges, she previously moved for emergency release based on the immigration court's dismissal of the charge of removal against her. Doc. 2. The court denied the motion without prejudice, noting that the appeal deadline had not lapsed. Doc. 5. Petitioner now renews her request for emergency release but admits that the government has brought a new charge of removal against her. Doc. 6. She challenges the length and constitutionality of her detention, stating that she has been detained since July 2026 and does not pose a danger to the community or a risk of flight. *Id.*

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction

might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner has admitted that there is a pending charge of removal against her. She maintains that the new charge suffers from the same defects as the one dismissed by the immigration court. Nevertheless, this court has no jurisdiction to review the matter and petitioner must challenge it through ordinary channels. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Petitioner may maintain her challenge to custody on constitutional grounds through the pending writ of habeas corpus. But she has not shown a current threat of irreparable injury sufficient to justify accelerating her case over the hundreds of others pending in this district. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec.

8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Accordingly, **IT IS ORDERED** that the Motion to Expedite and Renewed Motion for Emergency Release [doc. 6] be **DENIED**. The Motion to Supplement [doc. 6] is **REFERRED** to the magistrate judge.

**THUS DONE AND SIGNED** in Chambers on the 29th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**